OPINION
{¶ 1} Appellant, Todd A. Nelson, appeals from the February 9, 2007 judgment entry of the Geauga County Court of Common Pleas, granting the motion of appellee, Twilah Nelson, to impose sentence for contempt.
 {¶ 2} On May 27, 1995, appellant and appellee were married and no children were born as issue of the marriage. *Page 2 
 {¶ 3} On August 30, 2002, appellant filed a complaint for divorce against appellee. Appellee filed an answer on December 6, 2002. The parties were granted a divorce on August 14, 2003.
 {¶ 4} On June 10, 2004, appellant filed a motion to show cause, alleging that appellee failed to comply with the trial court's August 14, 2003 order, which required her to return personal property described in Exhibit "A" of that entry. A hearing was held before the magistrate on August 4, 2004. On August 16, 2004, appellee filed a motion for relief from judgment. Appellant filed a brief in opposition on September 1, 2004. On November 15, 2004, the trial court issued a nunc pro tunc judgment entry. On December 27, 2004, the trial court dismissed appellant's motion to show cause.
 {¶ 5} On March 23, 2005, appellee filed a motion to show cause and for attorney fees, alleging that appellant failed to pay various costs related to the sale/transfer of the marital residence. Appellant also filed a motion to show cause and for attorney fees, on July 7, 2005, alleging that appellee failed to return various personal property to him.
 {¶ 6} On December 9, 2005, a hearing was held before the magistrate on appellee's and appellant's motions to show cause. Both parties were represented by counsel. Prior to the hearing, appellant withdrew his motion. Each party testified on behalf of himself and herself, and appellee's representative, Attorney James Reardon, testified with regard to attorney fees.
 {¶ 7} Pursuant to the parties' divorce decree, appellee purchased the marital residence from appellant. At the time of the hearing, appellant was employed full time by the village of Chagrin Falls, where he earned between $35,000 and $45,000, and *Page 3 
lived in a home owned by his mother-in-law. Appellant was to pay to appellee one-half of the appraisal fee ($325); one-half of any deficiency owed after the sale of the home ($725.11); and principal payments on the first and second mortgages from November 1, 2001, until the date of transfer ($5,342.56). Appellant testified at the hearing that he made no payments towards the amount he owed appellee, totaling $6,230.17. According to appellant, he knew he owed appellee money and was financially able to pay her. However, he stated that he made no payments to appellee because he did not know what he owed her, and because the house was appraised on August 10, 2003, instead of on or before July 20, 2003, as required by the judgment entry.
 {¶ 8} Also, the evidence revealed that appellee was billed, through November 29, 2005, a total of $2,136.07 for attorney fees and expenses.
 {¶ 9} In her December 28, 2005 decision, the magistrate recommended that appellant be adjudged guilty of contempt, that he be sentenced to ten days in jail, and that the jail sentence be suspended provided he purge himself of contempt. The magistrate also recommended that appellee be awarded attorney fees.
 {¶ 10} On January 10, 2006, appellant filed a motion for an extension of time to file his objections to the magistrate's decision, which was granted by the trial court on January 12, 2006. Appellant filed his objections on January 30, 2006. Appellee filed a reply on February 9, 2006. Appellant filed a response on February 13, 2006.
 {¶ 11} On February 28, 2006, the trial court denied appellant's objections and adopted the magistrate's decision. The trial court ordered that appellant was guilty of contempt; sentenced him to ten days in jail; ordered that the jail sentence be suspended provided that appellant purge himself of contempt by paying to appellee, effective March *Page 4 
1, 2006, the sum of $500 per month until the debt is paid in full; ordered appellant to pay to appellee attorney fees in the amount of $2,916 on or before September 1, 2006; and ordered appellant to pay court costs.
 {¶ 12} It is from the foregoing judgment that appellant filed a timely notice of appeal with this court, Case No. 2006-G-2696, on March 27, 2006, as well as a motion to stay execution of judgment pending appeal. Appellee filed a response to appellant's motion to stay on March 30, 2006. Pursuant to its April 7, 2006 judgment entry, the trial court granted the stay, which was conditioned upon appellant posting a bond in the amount of $9,312.
 {¶ 13} On June 29, 2006, appellee filed a motion to dismiss for lack of a final appealable order. Appellant filed a brief in opposition on July 6, 2006. On September 22, 2006, this court granted appellee's motion, and dismissed the appeal. Nelson v. Nelson, 11th Dist. No. 2006-G-2696, 2006-Ohio-4944.
 {¶ 14} On November 8, 2006, appellee filed a motion to impose jail sentence and for attorney fees and costs.
 {¶ 15} Pursuant to its February 9, 2007 judgment entry, the trial court granted appellee's motion to impose sentence, and sentenced appellant to ten days in jail, which was stayed pending appeal. It is from that judgment that appellant filed the instant appeal and makes the following assignments of error:
 {¶ 16} "[1.] The trial court erred and abused it's (sic) discretion in failing and refusing to find that [appellant], by executing a quit-claim deed (which was accepted and recorded by appellee,) (sic.) satisfied all of appellant's, alleged, obligations[.] *Page 5 
 {¶ 17} "[2.] The trial court erred and abused its discretion in finding appellant in contempt of court; equity demanded otherwise[.]
 {¶ 18} "[3.] The trial court erred and abused its discretion in failing and refusing to find [appellee] had unclean hands[.]
 {¶ 19} "[4.] The trial court erred and abused its discretion in finding appellant liable for appellee's attorney fees[.]"
 {¶ 20} In his first assignment of error, appellant argues that the trial court abused its discretion in failing and refusing to find that he satisfied his obligations by executing a quit-claim deed which was accepted and recorded by appellee.
 {¶ 21} An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 22} Appellant relies on a Tenth District case, Cook v. Wilson,165 Ohio App.3d 202, 2006-Ohio-234, for the proposition that once a deed is accepted, any claim that a grantee has not fulfilled conditions precedent is extinguished. Appellant's reliance on Cook, however, is misplaced. The Tenth District held that under the doctrine of merger, once a deed was accepted by the purchaser, the purchaser's claim that the vendor did not fulfill contractual conditions precedent was extinguished. Id. at ¶ 30-31. However, the doctrine of merger is only applicable "when a deed is delivered and accepted without qualification pursuant to a real estate purchase agreement[.]" Id. at ¶ 30. Thus, *Page 6 
the doctrine of merger by deed only applies to the sales contract or purchase agreement for real property and limits causes of action upon those agreements.
 {¶ 23} In the case at bar, the trial court's judgment entry of divorce dealt with the division of property which was agreed to by the parties. However, the doctrine of merger is inapplicable since the court's order is separate from the purchase agreement involving the marital residence. We agree with appellee that the execution of a quitclaim deed does not relieve appellant of his obligations contained in the judgment entry of divorce. The trial court did not abuse its discretion in failing to find that appellant satisfied his obligations.
 {¶ 24} Appellant's first assignment of error is without merit.
 {¶ 25} In his second assignment of error, appellant contends that the trial court abused its discretion in finding him in contempt of court. He stresses that appellee failed to advise him of his alleged obligations, and that he did not know the specific amount that he owed.
 {¶ 26} "* * * [I]n a contempt proceeding, a reviewing court must uphold the trial court's decision absent a showing that the court abused its discretion." Winebrenner v. Winebrenner (Dec. 6, 1996), 11th Dist. No. 96-L-033, 1996 Ohio App. LEXIS 5511, at 7, citing State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. "The party asserting a show cause motion has the burden to prove that a breach has occurred by clear and convincing evidence." Winebrenner at 8. "`Clear and convincing evidence' has been defined as `that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of *Page 7 
the trier of facts a firm belief or conviction as to the facts sought to be established.'" Ohio State Bar Assn. v. Reid (1999),85 Ohio St.3d 327, 331.
 {¶ 27} "A prima facie showing of civil contempt exists when the moving party establishes the existence of a divorce decree and produces evidence of nonpayment according to the terms of the decree. Then, the burden shifts to the alleged contemnor to establish any defense he may have for nonpayment." Winebrenner, supra, at 8. (Citations omitted).
 {¶ 28} In the instant matter, appellant did not allege that it was impossible for him to pay, or that he was unable to pay appellee, two defenses to a contempt of court order. See Hopson v. Hopson, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, at ¶ 20; Courtney v. Courtney (1984),16 Ohio App.3d 329, 334. Rather, appellant stresses that appellee failed to advise him of his alleged obligations and that he did not know the specific amount that he owed.
 {¶ 29} However, the divorce decree clearly stated that appellant was to pay appellee one-half of the appraisal fee, one-half of any deficiency owed after the sale of the home, and principal payments on the mortgages from November 1, 2001, until the date of transfer. Appellant admitted at the show cause hearing that he was aware he owed appellee money pursuant to the divorce decree and that he failed to pay her any of the money owed. Appellant was aware of the exact amount owed, which was set forth in the March 23, 2005 motion to show cause. Thus, the trial court did not abuse its discretion in finding appellant in contempt of court.
 {¶ 30} Appellant's second assignment of error is without merit. *Page 8 
 {¶ 31} In his third assignment of error, appellant alleges that the trial court abused its discretion in failing and refusing to find that appellee had unclean hands, due to the fact that she did not have the real estate appraised on or before July 20, 2003, as set forth in the trial court's judgment entry.
 {¶ 32} The doctrine of unclean hands states the following: "`he who seeks equity must come with clean hands.' `Equity is based upon what is perceived as just under the circumstances of each case and, when both parties are guilty of injustice, a court of equity will leave them as they are.'" Patterson v. Blanton (1996), 109 Ohio App.3d 349, 354.
 {¶ 33} Here, appellant is correct that appellee did not have the property appraised on or before July 20, 2003, as indicated in the judgment entry. However, appellee did have the real estate appraised three weeks later, on August 10, 2003. Thus, appellee substantially complied with the court's order, whereas appellant still has yet to comply. Appellee's three week violation did not prevent appellant's compliance with the court order.
 {¶ 34} With regard to the allegation of unclean hands, the magistrate's decision, which was subsequently adopted by the trial court, indicated the following: "[t]he fact that the appraisal was done less than one (1) month later than the July 20th date does not render the separation agreement null and void, nor does it eradicate [appellant's] obligation to pay the debt owed [appellee]." It is therefore clear that not only did the magistrate and the trial court consider the violation of appellee in having the real estate appraised three weeks late, it also considered appellant's obligation. *Page 9 
 {¶ 35} In addition, we note that "the unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct." Safranek v. Safranek, 8th Dist. No. 80413, 2002-Ohio-5066, at ¶ 20, citing Miller v. Miller (1993),92 Ohio App.3d 340, 348-349. In this respect, appellant could have pursued a motion to show cause against appellee if he truly felt that she did not substantially comply with the court's order to his detriment. Thus, the trial court did not abuse its discretion in failing to find that appellee had unclean hands.
 {¶ 36} Appellant's third assignment of error is without merit.
 {¶ 37} In his fourth assignment of error, appellant argues that the trial court abused its discretion by finding him liable for appellee's attorney fees.
 {¶ 38} An award of attorney fees in a domestic relations matter is committed to the sound discretion of the trial court. As such, the court's decision to grant attorney fees will not be reversed absent an abuse of discretion. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371;Rand v. Rand (1985), 18 Ohio St.3d 356, 359.
 {¶ 39} In the case sub judice, appellee's motion to show cause, filed on March 23, 2005, indicated the amount appellant owed pursuant to the divorce decree. Appellant, however, chose to litigate the matter. At the December 9, 2005 hearing, appellee's attorney not only testified, but entered into evidence without objection, an affidavit regarding the fees incurred by appellee. Based on the evidence, the trial court did not abuse its discretion by finding appellant liable for appellee's attorney fees.
 {¶ 40} Appellant's fourth assignment of error is without merit.
 {¶ 41} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas is affirmed. It is *Page 10 
ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
 CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur. *Page 1