OHMER et al., Plaintiffs,

v.

OHMER et al., Defendants.

2008-Ohio-6099.]

Court of Common Pleas of Ohio,
Clermont County.

No. 2005 CVH 1886.

Decided July 2, 2008.

Robert H. Welch III, for plaintiffs.

George E. Pattison, for defendant.

HADDAD, Judge.

{¶ 1} This matter was before the court on February 19, 2008, pursuant to the defendant's motion to strike the affidavit of the plaintiff, Charles Ohmer Sr., and the defendant's motion for partial summary judgment on the first, second, third, seventh, eighth, and ninth claims of the plaintiff's complaint. Upon hearing oral arguments on the motion, the court took the matter under advisement and now renders the following decision.

## FINDINGS OF FACT

{¶ 2} It is alleged in this case that the plaintiffs, Charles E. Ohmer Sr. and Lawrence Ohmer, transferred property to the defendant, Charles E. Ohmer Jr., by quitclaim deed in 2002. The plaintiffs allege that the defendant then promised them that they could reside on the property for the remainder of their joint lives, but the defendant has failed to permit their occupancy. The alleged agreement between the parties was that the defendant would construct one house on the property for him and his family, and the plaintiffs would construct a second house on the same property, with all parties sharing a driveway. Sometime after the conveyance of the real estate, the defendant and his wife divorced. The plaintiffs allege that following the divorce, they agreed with the defendant to construct only one house on the property and that all parties involved would live in the same household.

{¶ 3} The plaintiff and the defendant then sold a piece of real estate that was jointly owned, recouping a profit of $127,000, which was given to the defendant so that he could construct a house. The plaintiffs allege that the defendant promised them that they could reside in this house for the remainder of their joint lives. Again, the plaintiffs allege that the defendant has refused their occupancy.

{¶ 4} In addition, the plaintiffs provided $12,000 to the defendant so that a garage could be constructed upon the property. The plaintiffs also provided another $15,000 for the construction of sidewalks, water and sewage lines, and a driveway. The plaintiffs again allege that the funding was providing pursuant to a promise that they could live in the house for the remainder of their joint lives. Despite the fact that the plaintiffs resided in the house for a period of time, they allege that the defendant has failed to permit their occupancy.

{¶ 5} The court would note that the plaintiff Lawrence Ohmer is now deceased. The defendant has filed a motion for an order directing Jonathon Smith, former attorney for the plaintiffs, to answer questions relating to his representation of Lawrence Ohmer. By agreement of the parties, that motion is to remain pending until the defendant's motion for summary judgment is resolved.

## LEGAL ANALYSIS

### *Motion to Strike Affidavit*

{¶ 6} The court will first address the defendant's motion to strike the affidavit of Charles Ohmer Sr. The defendant argues that the affidavit lacks the prerequisites for an affidavit in a motion for summary judgment. Specifically, the defendant argues that competency has not been shown, nor has the plaintiff shown that he has personal knowledge of the facts attested to in the affidavit. The plaintiff argues in response that he has personal knowledge of all statements contained within the affidavit.

{¶ 7} In order for an affidavit to be considered in a motion for summary judgment, it "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). Personal knowledge means " '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.' " *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 26, quoting Black's Law Dictionary (7th Ed.1999) 875.

{¶ 8} The court has read the entire affidavit of Charles Ohmer Sr. and finds that the statements contained therein are based upon facts of which he would have personal knowledge, that these statements would be admissible as evidence, and that the plaintiff is competent to testify as to these matters. The court, therefore, denies the defendant's motion to strike the affidavit of Charles Ohmer Sr.

## Motion for Partial Summary Judgment

{¶ 9} In considering a motion for summary judgment, the court will look at the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Civ.R. 56(C). According to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. See also *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201. The party requesting summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Harless* at 66, 8 O.O.3d 73, 375 N.E.2d 46; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: " 'Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?' " *Wilson v. Maple,* Clermont App. No. CA2005–08–075, 2006-Ohio-3536, 2006 WL 1880505, at ¶ 18, quoting *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123. The moving party must specifically point to evidence that affirmatively demonstrates that the nonmoving party has no evidence to support its claim. *Dresher* at 293, 662 N.E.2d 264.

{¶ 10} Once the moving party satisfies its burden, "the nonmoving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Civ.R. 56(E). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138.

## Claim 1: Setting Aside the Deed

█ {¶ 11} The defendant argues in relation to Claim One that the facts alleged in the plaintiff's deposition do not support the allegations contained in the complaint. The plaintiff bases his claim upon an alleged oral promise by the defendant that the plaintiffs, Charles Ohmer Sr. and Lawrence Ohmer, would retain a life estate in the property. The plaintiffs allege that the defendant then refused them occupancy of the property. According to the plaintiffs' complaint, they did not confer the property gratuitously, and the defendant fraudulently induced them to transfer the property to him. The plaintiffs allege that the

defendant has been unjustly enriched and, as a result, the plaintiffs request that the deed be set aside and restored to them.

{¶ 12} " 'In order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment.' " *Beatley v. Beatley,* 160 Ohio App.3d 600, 2005-Ohio-1846, 828 N.E.2d 180, ¶ 43, quoting *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 502, 692 N.E.2d 574.

{¶ 13} The defendant argues that the plaintiff, Charles Ohmer Sr., in his deposition testified that the alleged unconditional oral promise of a life estate in the defendant's home was made in the driveway of the Dry Run Road property and that it occurred while the house was under construction. He argues that the plaintiff established these dates as July 2, 2003, the date of the construction permit, and May 6, 2005, the date of the occupancy permit. He argues that the deed was transferred on November 18, 2002, which was approximately one to three years prior to the promise being made. The court finds that the defendant has satisfied his burden, and the burden now shifts to the plaintiffs to prove that facts are in existence that create a genuine triable issue. The court finds that the plaintiffs have failed to do so. The affidavit of Charles Ohmer Sr. does not refer to his allegation of fraud in the inducement, and specifically, there is no reference in the affidavit to any oral promise of a life estate. Further, there is no evidence in the plaintiff's deposition indicating that the alleged promise was made prior to the transfer of the deed.

{¶ 14} The court finds that the following facts weigh in favor of granting the defendant's motion for summary judgment on Claim 1. The plaintiff's deposition indicates that the closing on the Dry Run Road property occurred in 2002. The only agreement at that time was for the construction of a garage and two houses, one on each side of the driveway, one for the plaintiffs and one for the defendant. The verbal agreement to allow the plaintiffs to move into the defendant's home did not occur until sometime between the date of the construction permit and the date of the certificate of occupancy. Those dates are July 2, 2003 and May 6, 2005. The plaintiff further testified that he and his daughter actually lived in the house for two or three months, and there was no legal eviction. This negates the plaintiffs' argument that the defendant did not allow them to reside on the property.

{¶ 15} Because the plaintiff admits in his deposition that the oral promise of a life estate in the defendant's home did not exist at the time of the deed transfer, the court finds that the promise could not have induced the transfer of the real estate.

{¶ 16} Further, and most importantly, the court would note that "[u]nder Ohio law, no interest in real property shall be assigned or granted except by deed or note in writing signed by the party assigning or granting it." *Brown v. Brown*, Knox App. No. 04CA000018, 2005-Ohio-1838, 2005 WL 914490, ¶ 26; *Kaiser v. Caskey*, Lucas App. No. L–01–1487, 2002-Ohio-4082, 2002 WL 1823007, ¶ 15. The statute of frauds provides as follows: "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law." R.C. 1335.04. The doctrine of partial performance could remove an agreement from the operation of the statute of frauds; however, this equitable theory is not applicable in cases where monetary damages would be sufficient. *Brown* at ¶ 29, *Kaiser* at ¶ 16. In order to prove part performance, a person must show (1) evidence of a change in possession of the land; (2) payment of all or part of the consideration for the land; and (3) improvements, alterations, or repairs on the land. *Lowe v. Phillips*, Montgomery App. No. 20590, 2005-Ohio-2514, 2005 WL 1206911, ¶ 20. The party asserting part performance must also have undertaken acts that changed his position to his detriment and made it impossible to return the parties to the status quo. Id.

{¶ 17} Therefore, the court finds that pursuant to the statute of frauds, the alleged condition of a life estate is required to be in writing. In this case, the plaintiffs are alleging that the transfer of the deed was made pursuant to an oral promise of a life estate in the property, whether it is in a separate house located on the same property or in the same house. Because the condition of a life estate is an interest in land, the court finds that the statute of frauds requires that the agreement be in writing. The plaintiff states several times throughout his deposition that at no time were there any agreements between him and the defendant reduced to writing. Further, the doctrine of partial performance would not remove this case from the operation of the statute of frauds. There is no dispute that there was a change in possession of the land, because the plaintiffs owned the property prior to the transfer to the defendant, and the defendant owns it now. However, there is no evidence that any type of consideration was paid for the property. The plaintiff's affidavit seems to indicate throughout that the transfer of the land to the defendant was nothing more than a gift and that no consideration was given for the property. Therefore, the court finds that the plaintiff has failed to prove that a genuine issue of material fact exists as to the second element of partial performance; thus, the court need not address the third element.

{¶ 18} Based upon the foregoing, the court finds that there is no genuine issue of material fact and that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Therefore, the defendant is entitled to judgment as a matter of law on Claim One of the complaint, an action to set aside the deed based upon fraud in the inducement. The defendant's motion for summary judgment on Claim One is hereby granted.

*Claim 2: Fraud, Quantum Meruit—Unjust Enrichment*

{¶ 19} Charles Ohmer Sr. alleges in his complaint that he and the defendant were joint owners in property located at 531 Clark St., Milford, OH, and that they sold this property for a profit of $127,000. He further alleges that he and the defendant reached an agreement whereby the defendant would use the whole profit to construct a house on Dry Run Road, and the plaintiff could reside in the house for the remainder of his life. He urges, however, that the defendant has refused to permit occupancy of the home. The plaintiff argues that his share of the profits from the Clark St. property were not conferred gratuitously, but were instead a conditional gift. He argues that he was induced to make this gift by fraud and that the defendant has been unjustly enriched as a result.

{¶ 20} The defendant argues that the gift was unconditional, that there is no basis for quantum meruit, and that there was no fraudulent inducement. A claim for unjust enrichment is one in which the court is asked to find that a contract implied in law, or quasi-contract, exists. This is nothing more than a legal fiction that is used as a vehicle for obtaining just results. *Torbeck v. Iannelli*, Clermont App. No. CA2006–10–085, 2007-Ohio-4539, 2007 WL 2482670, ¶ 19. In order to succeed on a claim of unjust enrichment, the plaintiff must prove that " '(1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.' " *Wochna v. Mancino*, Medina App. No. 07CA0059–M, 2008-Ohio-996, 2008 WL 623731, ¶ 18, quoting *Chef Italiano v. Crucible Dev. Corp.*, 9th Dist. No. 22415, 2005-Ohio-4254, 2005 WL 1963027, ¶ 26. See also *Torbeck* at ¶ 19. It occurs when one party " 'has and retains money or benefits which in justice and equity belong to another.' " *Second Calvary Church of God in Christ v. Chomet*, Lorain App. No. 07CA009186, 2008-Ohio-1463, 2008 WL 834434, ¶ 21, quoting *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923. The one party has conferred a benefit on another party without receiving just compensation for the reasonable value of those services. *Torbeck* at ¶ 19.

{¶ 21} The record is undisputed that the plaintiff conferred a benefit upon the defendant when he gave to the defendant his half of the proceeds from the sale of the Clark St. address so that the defendant could use the funds to build a house upon the Dry Run Road property. There is also no dispute that the defendant had knowledge of this benefit. The defendant stated in his interrogatories, filed with the court on April 20, 2007 as an attachment to the plaintiffs' motion to compel discovery, that he acknowledges that he accepted money from the plaintiffs, Charles Ohmer Sr. and Lawrence Ohmer, since the sale of the Clark St. property, but that no loan was made.

{¶ 22} The dispute arises as to the third requirement, i.e., that the defendant retained the benefit under circumstances in which it would be unjust to do so without payment. The plaintiff argues that he gave the funds from the sale of the house to the defendant as a conditional gift, the condition being that he and his brother could live in the house for the remainder of their lives, while the defendant argues that the funding was an unconditional gift. This distinction is important because unjust enrichment is inapplicable to gifts. *Camp St. Mary's Assn. of the W. Ohio Conference of the United Methodist Church, Inc. v. Otterbein Homes,* 176 Ohio App.3d 54, 2008-Ohio-1490, 889 N.E.2d 1066, ¶ 45. Specifically, unjust enrichment does not arise with absolute gifts because the enrichment of the donee is the intended purpose of a gift. *Otterbein Homes* at ¶ 45. Generally, an inter vivos gift becomes absolute and irrevocable once complete; however, a donor may impose conditions upon that gift so that it fails if the conditions are not satisfied. *Otterbein Homes* at ¶ 45; *Mitchell v. Mitchell,* Portage App. No. 2007–P–0023, 2008-Ohio-833, 2008 WL 553246, ¶ 52. To determine whether the gift is absolute or conditional, the court must examine the donor's intent, which is resolved from the express declarations by the donor at the time of the making of the gift or from the circumstances. *Otterbein* at ¶ 45.

{¶ 23} The plaintiff testified in his affidavit that the proceeds from the sale of his and the defendant's home at 531 Clark St. were used for the beginning stages of the house (foundation, subflooring, etc.) on Dry Run Road. He further testified in his deposition that his intent at that time was to sell his and Lawrence Ohmer's home at 523 Clark St. in order to build a home across from the defendant on Dry Run Road. The plaintiff then testified in his deposition that after the defendant obtained a divorce and after the construction of the defendant's house began, the defendant told the plaintiffs that they could live with him. The plaintiffs talked it over between themselves and decided to accept the offer.

{¶ 24} The court finds that the intent prior to this offer was for the defendant to use the proceeds from the sale of the house at 531 Clark St. to build his house and for the plaintiffs to use the proceeds from the sale of their house at 523 Clark St. to build their own house across from the defendant. Further, the evidence

indicates that the plaintiff did not expect the money or any other benefit to be returned to him. Instead, he stated that he gave the money and the property to his son because he would get it in the end anyway. There is no evidence in the record that the plaintiff qualified the transfer of funds such that he would receive anything in return. The court can find no evidence that the plaintiff ever told the defendant that he would receive the proceeds only if he allowed the plaintiffs to reside on the property for the rest of their lives. Instead, the plaintiff consistently states throughout the entire deposition that he gave the money to the defendant in order to help him out. Based upon the facts of this case, the court finds that the plaintiff made an unconditional and absolute gift of funding to the defendant. Therefore, the plaintiff has failed to point to facts that would create a genuine issue of material fact as to the third prong of the test for unjust enrichment.

{¶ 25} Additionally, and perhaps most importantly, the court would note that the statute of frauds is applicable to this claim as well. In this case, the plaintiffs are alleging that the condition of the gift was a life estate in the property, whether it is in a separate house located on the same property or in the same house. Because the condition of a life estate is an interest in land, the court finds that notwithstanding the court's determination that there is no genuine issue of material fact as to the unconditional nature of the transfer, the statute of frauds would require that the condition or agreement be in writing. The plaintiff states several times throughout his deposition that at no time were any agreements between him and the defendant reduced to writing.

{¶ 26} Further, the doctrine of partial performance would not remove this case from the operation of the statute of frauds because monetary damages are sufficient. Partial performance is an issue only in cases where monetary damages are insufficient. The court need not address the elements of partial performance because the defendant could simply reimburse the plaintiffs the amounts given to him from the plaintiff's portion of the proceeds from the sale of the Clark St. property for the improvements to the Dry Run Road property. Therefore, the court finds that even if the transfer of money from the plaintiffs to the defendant had been intended as a conditional gift, the alleged condition fails to satisfy the statute of frauds and would, thus, become unconditional.

{¶ 27} Given the record in this case, it is clear to the court that the gift from the plaintiffs to the defendant was absolute and irrevocable. The court finds that reasonable minds could not differ on this issue and that no genuine issue of material fact exists; therefore, the defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment as to Claim Two is hereby granted.

*Claim 3: Fraud, Quantum Meruit—Unjust Enrichment*

{¶ 28} The court would first note that the plaintiff makes the same legal claims in both Claim Two and Claim Three; therefore, the same set of laws will apply to the plaintiff's theory of recovery for unjust enrichment. The plaintiffs allege that on or about May 1, 2001, they provided full and complete funding for the construction of a garage located on the Dry Run Road property. The total funding for the garage amounted to $12,000. The plaintiffs further allege that they provided an additional $15,000 for sidewalks, sewage and water lines, brick, and a driveway. The plaintiffs argue that this funding was not gratuitous, but was instead a conditional gift to allow the plaintiffs to reside in the house for the remainder of their lives. The plaintiffs allege that the defendant has received $27,000 in unjust enrichment. The defendant argues that any transfer occurring prior to the transfer of the deed in this case merged with that deed. He further argues that any funds transferred thereafter were an unconditional gift.

{¶ 29} Again, there is no question that the plaintiffs conferred a benefit upon the defendant when they gave to the defendant $12,000 for the construction of the garage and $15,000 for additional expenses related to the construction on the property. Further, there is no dispute that the defendant had knowledge of this benefit. The defendant stated in his interrogatories, filed with the court on April 20, 2007, that he acknowledges that he accepted money from the plaintiffs, Charles Ohmer Sr. and Lawrence Ohmer, since the sale of the Clark St. property, but that no loan was made. Additionally, the defendant does not argue that the money was not transferred to him, but instead argues that it was an unconditional gift.

{¶ 30} The dispute in this case relates to the third requirement. The plaintiff argues that the transfer of funds was a conditional gift, while the defendant argues that an absolute gift was made. The plaintiff indicates in his deposition that they were in the process of building the garage on the property while he and his brother still owned the property. He testified that he and his brother cleared all of the trees for the house and garage and paid for 95 percent of the work done. He further indicates that the garage was built at the request of the defendant and that the plan at that time was to build a garage and two houses on the property. One of the houses was intended to be used by the defendant and the other by the plaintiffs.

{¶ 31} The defendant argues that the gift of funding for the garage, construction of which began prior to the transfer of the real estate, merges with the deed and, therefore, the garage becomes part of the real estate transferred in the deed. However, the court finds that the defendant's reliance on the doctrine of merger is misplaced. Under the doctrine of merger, once a purchaser accepts a deed, any claim by the purchaser that the vendor did not fulfill his contractual

conditions precedent is extinguished. *Nelson v. Nelson*, Geauga App. No. 2007–G–2758, 2007-Ohio-6246, 2007 WL 4148005, ¶ 22. It is applicable only to the sales contract or purchase agreement for real property (real estate purchase agreement) and limits causes of action on those agreements alone. *Nelson* at ¶ 22. The plaintiffs have not filed a cause of action pursuant to a sales contract or purchase agreement. The plaintiffs' claim, instead, is based upon the theory of unjust enrichment, which would not be applicable if the plaintiffs were alleging that a contract exists. Therefore, the court finds that the gift, whether conditional or unconditional, does not merge with the deed.

{¶ 32} For the same reasons that Claim Two failed, the court must find that Claim Three fails as well. The evidence indicates that the plaintiff, Charles Ohmer Sr., did not expect the money or any other benefit to be returned to him. There is simply no evidence in the record that the plaintiff qualified the transfer of funds such that he would receive anything in return. The court can find no indication that the plaintiff ever told the defendant that he would receive the funding for the improvements to the real estate only if he allowed the plaintiffs to reside on the property for the rest of their lives. Instead, the plaintiff consistently states throughout the entire interview that he gave the money to the defendant in order to help him out. Based upon the facts of this case, the court finds that the plaintiff made an unconditional and absolute gift of funding to the defendant. Therefore, the plaintiff has failed to point to facts that would create a genuine issue of material fact as to the third prong of the test for unjust enrichment.

{¶ 33} Further, and more importantly, the condition that the plaintiffs are alleging is a life estate in the property. Because the alleged condition was never reduced to writing, the court finds that the statute of frauds has not been satisfied. Further, the doctrine of partial performance would not remove this case from the operation of the statute of frauds because monetary damages are sufficient. Partial performance is an issue in only cases where monetary damages are insufficient. The court need not address the elements of partial performance because the defendant could simply reimburse the plaintiffs the $27,000 for the improvements to the Dry Run Road property. Therefore, the court finds that even if the transfer of money from the plaintiffs to the defendant were intended to be a conditional gift, the alleged condition fails to satisfy the statute of frauds and would, thus, become unconditional. Therefore, the court finds that the money given to the defendant was an unconditional and absolute gift; thus, there is no genuine issue of material fact as to the third requirement of a claim for unjust enrichment.

{¶ 34} Given the record in this case, the court can find no evidence that the gift was intended to be conditional. Further, the alleged condition does not satisfy the statute of frauds, making it an absolute and irrevocable gift. The court finds

that reasonable minds could not differ on this issue and that no genuine issue of material fact exists; therefore, the defendant is entitled to judgment as a matter of law. The defendant's motion for summary judgment as to Claim Three is hereby granted.

### Claim 7: Quantum Meruit—Unjust Enrichment, Replevin

{¶ 35} The parties agreed at the hearing on February 19, 2008, that this issue was resolvable. The parties did not argue the issue; therefore, the court will not address it at this time.

### Claim 8: Complaint for Account—Joint Venture

{¶ 36} The plaintiff has requested an accounting of the funds advanced to the defendant. However, the plaintiff is not entitled to an accounting because the court has determined that he no longer has an interest in the real estate. Based upon the foregoing analysis, the court hereby grants the defendant's motion for summary judgment as to Claim Eight.

### Claim 9: Punitive Damages

{¶ 37} Pursuant to the plaintiffs' memorandum in opposition to defendant's motion for partial summary judgment, the plaintiffs have conceded the issue of punitive damages because there is no evidence from the depositions in this case that actual malice exists. Therefore, pursuant to the plaintiffs' concession, the court will not address the issue of punitive damages at this time.

## CONCLUSION

{¶ 38} The court would also note that the plaintiffs in this case resided on the defendant's property for a brief period once the defendant's house was completed. The plaintiff, Charles Ohmer Sr., testified that he lived on the property for two to three months and that his brother, Lawrence Ohmer, lived on the property for about six weeks. They lived in the home until a dispute arose between the parties, and the plaintiffs left upon their own volition. There was no legal eviction. Therefore, the court believes that even if the gifts in Counts One, Two, and Three were conditional and the statute of frauds had not been violated, the defendant fulfilled his obligations because he allowed the plaintiffs to reside on the property. The plaintiffs moved upon their own volition; therefore, the plaintiffs may not recover for their own decision to remove themselves from the property, resulting in the failure of the alleged condition.

{¶ 39} Based upon the foregoing analysis, the court hereby denies the defendant's motion to strike the affidavit of Charles Ohmer Sr. Further, based upon the foregoing analysis, the court hereby grants the defendant's motion for

summary judgment as to Claims One, Two, Three, and Eight of the plaintiff's complaint. The parties agreed that Claim Seven was resolvable, and the plaintiff has previously conceded Claim Nine. Therefore, the claims remaining before the court are Claims Four, Five, and Six of the plaintiff's complaint and the counterclaims filed by the defendant.

{¶ 40} It is ordered that this decision shall serve as the judgment entry in this matter.

So ordered.