# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0459, <u>Steven J. Cohen v. John Raymond & a.</u>, the court on March 10, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant John Raymond appeals an order of the Superior Court (<u>McNamara</u>, J.), on remand from our opinion in <u>Cohen v. Raymond</u>, 168 N.H. 366 (2015), ruling that the plaintiff, Steven J. Cohen, is entitled to restitution. We review the grant of restitution for an unsustainable exercise of discretion. <u>See</u> <u>Axenics, Inc. v. Turner Constr. Co.</u>, 164 N.H. 659, 669 (2013). To establish that the trial court unsustainably exercised its discretion, Raymond must demonstrate that its ruling was clearly unreasonable or untenable to the prejudice of his case. <u>Id</u>. Although the award of equitable relief is within the trial court's sound discretion, the court must exercise its discretion in accordance with established principles of law. <u>Id</u>. We will uphold the trial court's findings unless they lack evidentiary support or are legally erroneous, <u>Brooks v. Allen</u>, 168 N.H. 707, 711 (2016), deferring to the trial court on issues such as resolving conflicts in the testimony, assessing the credibility of the witnesses, and determining the weight to be given to the evidence presented at trial, <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

The facts of this case are more fully summarized in <u>Cohen</u>, 168 N.H. at 367-68. The case concerns the parties' competing claims of entitlement to $250,000, which Cohen paid into an investment account in Raymond's name when Raymond was married to Cohen's step-daughter. The trial court found that at that time, the parties had planned to go into business together, and that the $250,000 was intended to be "seed money" for purposes of the future business. The present case began after Raymond and Cohen's step-daughter decided to divorce, and after Raymond withdrew $50,000 from the account.

Cohen filed suit, asserting claims for breach of contract and unjust enrichment, and alleging that the $250,000 payment constituted a loan. Raymond countered that the payment constituted a gift. Following a bench trial, the trial court initially ruled in favor of Cohen on the basis that, although the $250,000 constituted a gift, it was conditioned upon its use in the planned business, a condition that Raymond violated by withdrawing money from the account. The trial court subsequently granted Raymond's motion for reconsideration, and after a second bench trial, ruled in favor of Raymond on

the basis that under <u>Chamberlin v. Chamberlin</u>, 116 N.H. 368, 370-71 (1976), the $250,000 was presumptively a gift, and that Cohen had not overcome the presumption. We vacated the trial court's order, holding that the <u>Chamberlin</u> presumption does not apply when the sole grantee of the property is merely the grantor's in-law, and remanded for the trial court to consider Cohen's contract and unjust enrichment claims in the absence of the <u>Chamberlin</u> presumption. <u>Cohen</u>, 168 N.H. at 369-72.

On remand, the trial court again found that the $250,000 was a gift, and that, although the parties had planned to go into business together, and although Raymond was aware that Cohen intended the gift to be "seed money" for the business, at no point did Cohen expressly condition the gift upon its use in the business. Nevertheless, the trial court ruled that Raymond would be unjustly enriched were he to retain the gift, and that Cohen was entitled to restitution under New Hampshire principles of quasi-contract.

In so ruling, the trial court relied upon the <u>Restatement (Third) of Restitution and Unjust Enrichment</u>, which provides: "A transfer induced by fraud or material misrepresentation is subject to rescission and restitution. The transferee is liable in restitution as necessary to avoid unjust enrichment." <u>Restatement (Third) of Restitution and Unjust Enrichment</u> § 13(1), at 165 (2011). The trial court observed that, under this provision, a misrepresentation that is innocent but material may give rise to restitution. <u>See</u> <u>id</u>. cmt. <u>c</u> at 167-68. The trial court further relied upon <u>Gikas v. Nicholis</u>, 96 N.H. 177, 178 (1950), in which we held that, regardless of whether the gift of an engagement ring is expressly conditioned upon the marriage ensuing, "[s]uch a condition may be implied in fact or imposed by law in order to prevent unjust enrichment." Like the gratuitous transfer of an engagement ring induced by a promise to marry, the trial court reasoned that Cohen's gift was induced by Raymond's representation that the parties would go into business together, and that, regardless of whether that representation was innocent, "it would be unjust to allow Raymond to benefit from a broken promise."

On appeal, Raymond first argues that the trial court's findings that the $250,000 was a gift and that Cohen did not expressly condition it upon its use in the future business precluded an award of restitution as a matter of law. In support of this argument, Raymond relies upon <u>Ohmer v. Ohmer</u>, 149 Ohio Misc. 2d 60 (Ct. Com. Pl. 2008), an Ohio trial court decision that the parties cited in their prior appeal. Raymond further argues that the trial court erred by basing restitution upon a material misrepresentation because: (1) this court has not yet adopted § 13 of the <u>Restatement (Third) of Restitution and Unjust Enrichment</u>; (2) Cohen did not plead a material misrepresentation; (3) "the trial court cited no testimony of Raymond's that constituted an 'affirmative representation' or 'promise'"; (4) Raymond did not solicit the $250,000; and (5) Cohen offered "shifting explanations about the funds" in the trial court that "undermine any finding that Raymond made an affirmative representation or

promise to Cohen." We note, however, that Raymond does not address the trial court's express reliance upon <u>Gikas</u>, or its conclusion that § 13 of the <u>Restatement (Third) of Restitution and Unjust Enrichment</u> is consistent with <u>Gikas</u> and New Hampshire law on restitution. We further note that Cohen in fact pleaded a claim sounding in restitution, and that Raymond did not move to reconsider on the basis that Cohen did not plead a material misrepresentation. <u>See</u> <u>Super. Ct. Civ. R.</u> 12(e); <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002) (issues that could not have been raised prior to trial court's decision on the merits must be raised in motion for reconsideration).

As the appealing party, Raymond has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, Raymond's challenges to it, the relevant law, and the record submitted on appeal, we conclude that Raymond has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks and Conboy, JJ., concurred.

**Eileen Fox,
Clerk**