**BERRY v. RHINE.**

No. 14878.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 31, 1947.

Hamilton, Dyer & Shults and Robert C. Johnson, all of Dallas, for appellant.

W. J. Durham, of Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff seeks to impress a parcel of real property in Dallas with a resulting trust in his favor, alleging that plaintiff engaged defendant to assist him in buying the property, that he delivered to her the sum of $4,250 for the purpose of paying the purchase price, and that defendant, without plaintiff's knowledge or consent, caused the property to be conveyed to herself. De-

fendant denies that plaintiff paid the money to her, and denies that she was acting as his agent in the transaction, but claims that she bought the property solely for herself, and that she used her own money to pay the purchase price.

The case was submitted to the jury on a single issue, to wit: "Do you find from a preponderance of the evidence that Gladys Berry, the defendant, purchased the land involved in this law suit for the plaintiff, Dave Rhine, as his agent and with plaintiff's money?"

The jury answered in the affirmative. No complaint is made here as to the form of the issue, appellant's complaints all being to the effect that the evidence does not support the verdict. The first point of error charges that plaintiff failed to prove that defendant used plaintiff's money to purchase the land. The second charges that plaintiff did not overcome the effect of the deed absolute by clear, convincing and satisfactory proof of a trust. The third charges that the court erred in refusing to instruct a verdict for defendant. The fourth error charged is the refusal to grant a new trial. The fifth charges that there was no proof that defendant acted as agent for plaintiff in making the purchase. The sixth declares that there was no consideration to support the agreement relied on by plaintiff to establish a parol trust.

We shall dispose of the last mentioned point of error by saying that we do not construe the record as an attempt on plaintiff's part to establish an express parol trust. It is clear that he was seeking to establish what is usually called a resulting trust.

The following rules of law are well settled, and we shall refer for authority only to statements found in 42 Texas Jurisprudence, Trusts, at the pages shown, and to the decisions there cited.

A resulting trust may arise in cases where the property is bought in the name of one person, but wholly or in part with funds furnished by another, and in cases where the property is purchased by one who was invested in law with a representative character so that his purchase necessarily inured to the benefit of his principal. Pages 636, 637. An agent who misapplies his principal's money is constructively a trustee for the principal as to any property purchased with such money, the trust arising out of the agent's wrongdoing. The trust may arise when the property is acquired in the name of the agent in carrying out the specific instructions of the principal, or in the course of transacting the principal's business as his general agent, or with money or funds belonging to the principal. Page 645. A trust results on proof of the agency and proof that the property was purchased with the principal's funds. Page 661. Parol evidence is admissible to disclose facts that will raise a resulting trust against the holder of the legal title to the property, provided that the evidence relates to what was done prior to acquisition of title or to subsequent admissions of the asserted trustee. Such evidence may be admitted though the deed recites that the consideration was paid by the grantee, the alleged trustee. Page 685. The presumption is that a deed is what it purports to be on its face, and so the burden of proving by parol that a trust was engrafted thereon is on him who so contends. Page 686. To overcome the presumption that an apparent owner is the true owner the evidence must be clear, satisfactory and convincing. If the evidence is equally susceptible of a conclusion that the property is held otherwise, it is insufficient to show a trust. Page 687. But it is not required that the evidence in support of a trust be uncontradicted. A preponderance is sufficient, if the evidence supporting the trust is satisfactory in quality and credibility. Pages 688, 689.

It is agreed that the purchase price was $4,250 and it is agreed that all of it was paid to the seller of the property at the time of the purchase. Both of the parties are Negroes. Plaintiff is a man about 60 years old, and claims to be uneducated. Defendant is a woman apparently 20 years or more younger than plaintiff, is a school teacher by profession, and is a college graduate. Plaintiff has been well acquainted with her all of her life, and was a close friend of her parents and grandparents. He declares in his testimony that he wished to buy a home, and that she

agreed to assist him in the transaction. He says that he delivered to her the sum of $4,250 in cash to pay for the property, and that, without his knowledge or consent, she had the deed made to herself, and that he did not learn of such fact until some time later. Defendant denies flatly that plaintiff delivered such money to her, and declares that she purchased the property for herself and with her own money. She says that she paid $300 as earnest money by a check drawn on her bank account, and that she paid the remainder of $3,950 in cash. She says that her aged grandfather gave her approximately $4,000 in cash two days before his death, which occurred a short time before the property was purchased.

Defendant contends that plaintiff's story of having accumulated more than $4,000 in cash is so unreasonable as to be unworthy of belief. We do not consider it necessary to set out in this opinion all of the testimony bearing on this question, or that bearing on defendant's explanation of her acquisition of nearly $4,000 in cash which she says was used to pay the purchase price of the property. Plaintiff testified that he did save the money, that he kept it sometimes in a box and sometimes in a money belt, and that no one knew he had it until shortly before the time of this transaction. Defendant testified that her grandfather, who was 98 years old, gave her a box containing nearly $4,000 in cash two days before he died, which was a short time before the property in question was purchased. Plaintiff produced a witness who claimed to have seen his money, and defendant produced two witnesses who claimed to have seen the money her grandfather gave her. Plaintiff produced witnesses who declared that defendant had told them that she had used plaintiff's money to pay for the property, and defendant denied that she had made any such statements. One might have some reason to doubt the story of either of these parties as to having accumulated such a large amount of money in cash, but it is indisputable that one or the other of them had done so. The testimony of plaintiff and defendant, and their respective witnesses, was in such irreconcilable conflict as to put upon the jury the burden

of deciding who should be believed. The conclusion is inescapable that some of those who testified were not, at least in some respects, giving an accurate account of what had taken place. We have carefully read the entire statement of facts, and can find no good reason for overturning the verdict of the jury who saw and heard the witnesses, and observed their demeanor on the stand, and had much better opportunity of judging as to the credibility of the witnesses and the parties than do we, who have before us only the typewritten transcript of their testimony. If we accept the jury verdict as to the credibility of plaintiff and his witnesses, the facts testified to by them are sufficient to meet the requirement that the proof of the trust be clear, satisfactory and convincing.

Defendant argues that the evidence shows without dispute that the money which went to pay for this property belonged to her, even though it should be believed that plaintiff had given her the sum of $4,250. She says that it is undisputed that the earnest money, $300, came from her bank account, and that the remainder of $3,950 came from the money given to her by her grandfather. She says that the claim of a trust must fail because plaintiff's money was not traced into the trust property. It is true that in most cases the beneficiary's money must be traced into the trust property, but this case was unmistakably fought on the issue of whether defendant took plaintiff's money and agreed to assist him in the purchase of this property, or whether she was acting for herself and used her own money. If she was acting as his agent in handling the transaction, and if he paid to her the amount of the purchase price in advance of the purchase, to be used for that purpose, we cannot see that she could escape the claim of a resulting trust by proving that, in violation of her fiduciary duties, she advanced the purchase money from her own funds and made some other use of his money. The issue submitted to the jury, quoted above, squarely presented the question being litigated in this suit. In view of the facts and circumstances of the case, the jury were not required to believe defendant when she testified that she paid for the

property with money other than that turned over to her by plaintiff. And even if defendant did pay the $300 earnest money from her own funds, it would not defeat plaintiff's claim of a trust based on the fact that she was acting as his agent in the transaction and the fact that he delivered to her in advance the amount of money necessary to pay the purchase price.

Defendant contends that there is no evidence showing that she acted as plaintiff's agent in the transaction. Again, what we have is a jury verdict on conflicting testimony. It is our duty to uphold it.

The judgment of the trial court is affirmed.