Joseph SOMER and Phyllis
Somer, Appellants,

v.

Theodore BOGART, Lynn Bogart, and
Irene Warsaw, Appellees.

No. 05–87–00689–CV.

Court of Appeals of Texas,
Dallas.

March 25, 1988.
Rehearing Denied May 6, 1988.

Dennis N. Ryan, Retta A. Miller, Dallas, for appellants.

Robert B. Cousins, Jr., Suzanne Bass, Bruce E. Longenecker, Dallas, for appellees.

Before DEVANY, STEWART and ROWE, JJ.

ROWE, Justice.

Joseph Somer and Phyllis Somer, as husband and wife (the Somers), appeal an order of the trial court awarding title to a parcel of land in Dallas, Texas, pursuant to a resulting trust, to Theodore Bogart, Lynn Bogart, Irene Warsaw, and Phyllis Somer (the Bogart beneficiaries), devisees under the wills of Allen and Gertrude Bogart, both deceased. In two points of error, the Somers urge: (1) that the trial court erred in failing to instruct the jury that the burden of proof for imposing a resulting trust on the parcel of land in question is by "clear and convincing evidence"; and (2) that the trial court erred in refusing to submit a special issue relating to the statute of limitations. We sustain the Somers' first point of error, overrule their second point of error, reverse the trial court's judgment, and remand the cause for a new trial.

This is a consolidated case arising out of two lawsuits filed in the probate court incident to administration of the estates of Allen and Gertrude Bogart, decedent husband and wife. The consolidated case involves the disputed ownership of real property purchased by Allen and Gertrude Bogart but record title to which was taken in the name of their son-in-law, Joseph Somer. Joseph Somer's wife, nee Phyllis Bogart, as well as Theodore Bogart and Lynn Bogart, are the natural children of Allen and Gertrude Bogart. Irene Warsaw is a natural sister of Gertrude Bogart.

Gertrude Bogart died in April of 1979, and Allen Bogart died less than a year later in February of 1980. Theodore Bogart, Lynn Bogart, and Phyllis (Bogart) Somer are co-beneficiaries of the Estate of Allen Bogart. Theodore Bogart, Lynn Bogart, Phyllis (Bogart) Somer, and Irene Warsaw are co-beneficiaries of the Estate of Gertrude Bogart.

A trial was held before a jury. At the conclusion of the trial and over the objection of the Somers, the trial court submitted one special issue concerning the intent of the purchasers of the property as follows:

SPECIAL ISSUE NO. 1: Do you find by a preponderance of the evidence that Allen and Gertrude Bogart did not intend to make a gift of Lot 1 to Joseph Somer? Answer: "They did not intend" or, "They did intend."

The jury answered the above special issue: "They did not intend."

The Bogart beneficiaries argue that the jury's finding was sufficient to establish a resulting trust for the benefit of Allen and Gertrude Bogart, as the purchasers. Based upon this jury finding, the trial court entered an order awarding title to the premises to the Bogart beneficiaries.

The parties stipulated to the following facts: Allen and Gertrude Bogart purchased the property in question in 1960, placing the record title to the property in Joseph Somer's name. The full purchase price of the property was paid by Allen and Gertrude Bogart. Allen and Gertrude Bogart also owned and maintained an adjacent lot; and until their deaths, they paid all taxes and maintenance expenses on both premises. The original deed to the property in question was in the possession of Allen and Gertrude Bogart at all times until their deaths.

It is well settled in Texas that the record owner of property is presumed to be the true owner thereof, and one who asserts that the ownership is burdened with a parol trust has the burden of establishing such trust. *Clayton v. Ancell*, 140 Tex. 441, 168 S.W.2d 230 (Tex.Comm'n App. 1943, opinion adopted). The burden, there-

fore, is on the Bogart beneficiaries to show that the property involved was held in trust by Joseph Somer for their benefit. *See Bell v. Smith*, 532 S.W.2d 680, 684 (Tex. Civ.App.—Fort Worth 1976, no writ).

■ The parol trust which the Bogart beneficiaries sought to impress upon the property is known as a purchase money resulting trust. A purchase money resulting trust may be established where one takes a deed to property in his own name, but the purchase money is provided by another. *See Grasty v. Wood*, 230 S.W.2d 568, 572 (Tex.Civ.App.—Galveston 1950, writ ref'd n.r.e.). The appeals court in *Grasty* stated:

> The courts are suspicious of resulting trusts of the purchase-money type and "regard them as possible instruments for depriving a person of his property by fraud and perjury, and therefore require one who claims the benefit of such a trust to prove his case by 'clear and convincing' evidence." *Id.*, 230 S.W.2d at 572 (quoting 2 Bogert, Trusts and Trustees, Section 453, pg. 1351).

■ Although a resulting trust may be clearly shown by proof that the purchase price was paid by another, there is an exception to this rule when parents pay the purchase price for property and place title in the name of their child. In this situation a presumption of gift arises, and no resulting trust exists until the presumption is rebutted. *Equitable Trust Company v. Roland*, 721 S.W.2d 530 533 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Bell v. Smith*, 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ).

■ In the instant case, the property was purchased by Gertrude and Allen Bogart, and title was placed in the name of Joseph Somer, their son-in-law. Whether the presumption of gift arises in circumstances where title is taken in the name of a son-in-law appears to be one of first impression in this state. In this regard we are inclined to adopt the rule found in the Restatement of the Law of Trusts (Second) § 442 as follows:

> Where a transfer of property is made by one person and the purchase price is paid by another and the transferee is a wife, child *or other natural object of bounty of the person by whom the purchase price is paid,* a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.

(emphasis supplied). In a transfer of the above type, we perceive no reason why under normal circumstances a son-in-law should not be treated as the natural object of his father-in-law's bounty so as to take by gift. *Id.* at § 442, Comment b. We now hold, therefore, that a transfer of property between a father-in-law as payor and a son-in-law as grantee is one in which a presumption of gift arises.

■ In a transfer of this type the presumption of gift may still be rebutted by evidence showing that the purchaser for some peculiar reason nonetheless did *not* intend to gift the son-in-law outright but intended instead to retain a beneficial interest. *See id.* at § 442; *Shepherd v. White*, 10 Tex. 72 (Tex.Sup.1853); *Bell v. Smith*, 532 S.W.2d 680 (Tex.Civ.App.—Fort Worth 1976, no writ); *Turner v. Dinwiddie*, 276 S.W. 444 (Tex.Civ.App.—Eastland 1925, no writ). Once the presumption of gift to a member of the excepted class is so rebutted, a resulting trust is then established with legal title in the grantee and beneficial title in the purchaser. *See* RESTATEMENT (SECOND) OF TRUSTS § 443. In the instant case, the burden was properly placed upon the Bogart beneficiaries to rebut the presumption of gift to Joseph Somer by establishing that no gift was intended. The issue before us is the quality of the evidence required to satisfy this burden.

■ A number of Texas cases teach us that the burden of establishing a parol trust can be satisfied only by clear and convincing evidence. *Clayton v. Ancell*, supra; *Uriarte v. Petro*, 606 S.W.2d 22, 24 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Grasty v. Wood*, 230 S.W.2d 568, 572 (Tex.Civ.App.—Galveston 1950, writ ref'd n.r.e.); Unfortunately, this is not the precise issue presented for deter-

mination in this case. The precise problem is somewhat different in that it involves the additional element of *rebutting* a presumption of gift, as to which a preponderance of the evidence is ordinarily sufficient. Nonetheless, since the defeating of a presumption of gift in a case such as this ultimately results in the imposition of a resulting trust, the principle of equality dictates that the same higher quality of evidence be required in the latter instance as in the former. *See Hall v. Barrett,* 126 S.W.2d 1045, 1048 (Tex.Civ.App.—Fort Worth 1939, no writ). In several other jurisdictions the rule prevails that when a party seeks to impose a parol trust by rebutting a presumption of gift, the proof offered must be so clear, strong, and convincing as to remove every reasonable doubt as to the existence of the gift. *See D'uva v. D'uva,* 74 So.2d 889, 891 (Fla.1954). *See also Ashbaugh v. Ashbaugh,* 222 Ga. 811, 152 S.E. 2d 888, 892 (1966) (in order to rebut a presumption of gift, the proof must be clear and convincing); *Mims v. Mims,* 305 N.C. 41, 286 S.E.2d 779, 790 (1982) (evidence necessary to rebut presumption of gift must be clear, cogent, and convincing). We hold, therefore, that the trial court erred when submitting the complained of issue by confining the proof to the standard of a preponderance of the evidence rather than to clear and convincing proof.

The Bogart beneficiaries have cited several cases which suggest that the standard of proof necessary to rebut a presumption of gift is by a preponderance of the evidence. *See Ballard v. Ballard,* 296 S.W.2d 811 (Tex.Civ.App.—Galveston 1956, no writ); *Suda v. Vaughan,* 285 S.W.2d 837 (Tex.Civ.App.—Beaumont 1955, no writ); *Amerada Petroleum Corp. v. Massad,* 239 S.W.2d 730 (Tex.Civ.App.—El Paso 1950, writ ref'd n.r.e.); *Berry v. Rhine,* 205 S.W.2d 632 (Tex.Civ.App.—Fort Worth 1947, no writ). To the extent these cases suggest a different standard, we decline to follow them. The Somers' first point of error is sustained.

■ The Somers assert in their second point of error that the trial court erred in refusing to submit an issue on the statute of limitations. We find this point to be without merit. The Somers requested that the following issue be submitted to the jury in the event the jury found that the Bogarts did not intend a gift:

SPECIAL ISSUE NO. 3: On what date, if any, do you find from preponderance of the evidence that Allen Bogart and/or Gertrude Bogart first claimed that Allen or Gertrude Bogart did not intend to make a gift of Lot 1 to Joseph Somer: Answer by writing the month and year:

_____

The law is clear that the statute of limitations involving a parol trust does not begin to run until the beneficiaries of the trust know or should have known that the trust has been repudiated by the trustee who holds the property. *Courseview, Inc. v. Phillips Petroleum Co.,* 312 S.W.2d 197 (Tex.1958). The controlling date here would be when the beneficiaries of the trust, if any, become aware of Joseph Somer's repudiation of the trust. The date on which the Bogarts claimed there was no gift is therefore irrelevant in determining what date the Bogarts and their successors in interest knew or should have known that Joseph Somer was repudiating the trust. The issue requested by the Somers is not a substantially correct issue which would establish the controlling date for the limitations period, and the court was correct in refusing to submit it. TEX.R.CIV.P. 279. The Somers' second point of error is therefore overruled.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial in accord with this opinion.