GRAGG v. GRAGG

[94 N.C. App. 134 (1989)]

LINDA B. GRAGG v. JOHN D. GRAGG AND WILLIAM D. GRAGG

No. 8829DC633

(Filed 6 June 1989)

**1. Trusts § 13.2 — purchase money resulting trust — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in an action to establish a purchase money resulting trust where plaintiff wife and defendant husband promised the husband's father that they would repay a down payment which he made on a house for them and that they would make monthly payments on a loan which he assumed to finance the rest of the purchase price; title was taken in the father's name; plaintiff and defendant subsequently made monthly payments throughout the ten or eleven years they lived in the house; and title was never transferred to plaintiff and defendant.

**2. Trusts § 13.2 — purchase money resulting trust — promise prior to transfer of deed as sufficient consideration**

A promise alone made prior to the transfer of a deed to the grantee is sufficient consideration for a purchase money resulting trust.

**3. Trusts § 18 — purchase money resulting trust — consideration furnished after deed transferred to grantee — admissibility of evidence**

In an action to establish a purchase money resulting trust, the trial court did not err in admitting evidence of consideration furnished by plaintiff and defendant after the deed was transferred to the grantee, though it is true that consideration furnished only after title has passed is not singularly sufficient to provide the consideration necessary to create a resulting trust, since the evidence here was offered to illustrate the parties' intent and to show that the promise which constituted the consideration was performed.

APPEAL by defendants from *Gash, Robert T., Judge.* Judgment entered 18 March 1988 in District Court, HENDERSON County. Heard in the Court of Appeals 14 February 1989.

Plaintiff commenced this civil action on 15 November 1984 against John D. Gragg seeking an absolute divorce, custody of

GRAGG v. GRAGG

[94 N.C. App. 134 (1989)]

their minor child, child support and equitable distribution of their marital assets. As the complaint pertained to equitable distribution, plaintiff specifically sought the imposition of a purchase money resulting trust against real property she had shared with defendant John Gragg as their marital home.

*Stepp, Groce & Cosgrove, by Timothy R. Cosgrove, for plaintiff-appellee.*

*Atkins & Craven, by Lee Atkins and Susan S. Craven, for defendant-appellants.*

JOHNSON, Judge.

Plaintiff and defendant, John D. Gragg (Dennis), were married in July 1975 and divorced in January 1988. Due to their inability to obtain the proper financing for the purchase of a home while they were married, they asked Dennis' father William Gragg for financial help. William Gragg saw the house they intended to purchase and agreed to make the down payment as a loan to his son and daughter-in-law and to assume the loan on the balance of the purchase price. This agreement was conditioned upon his son and daughter-in-law's promise to repay the loan for the down payment in addition to making the monthly payments on the loan he and his wife assumed for them.

William Gragg and his wife purchased the house in October of 1977. They paid the $3,400.00 down payment and assumed the $14,205.00 loan secured by a deed of trust on the house. According to plaintiff's testimony, she and her husband expected Mr. and Mrs. Gragg to later place title into their names, and that she and Dennis reimbursed his father for the down payment by giving him a Toyota or Datsun truck. According to Dennis and his father, the parties agreed that the title would be switched only if Dennis and plaintiff repaid the down payment within two years of the date of purchase. The evidence is conflicting as to whether or not they ever repaid Mr. and Mrs. Gragg for the down payment.

The parties do agree, however, that plaintiff and Dennis moved into the house in 1977 and lived there together until February 1982 when Dennis moved out. During this time, Dennis and plaintiff paid the monthly payments to his father in cash and he used these funds to make the monthly payments to the bank.

GRAGG v. GRAGG

[94 N.C. App. 134 (1989)]

The parties also agree that when plaintiff and Dennis moved into the house, it was in a state of disrepair. The couple made substantial improvements to the house including painting, wallpapering, installing storm windows, carpeting and flooring, and graveling the driveway. Plaintiff performed the bulk of the outside maintenance chores and both did the work and provided the funds for the improvements.

After plaintiff and Dennis separated in February 1982, plaintiff and their child continued to live in the house until June 1983. During this time they continued to make the monthly house payments to William Gragg in the same manner as before. From June 1983 until March 1984, the house was unoccupied and Dennis continued to make the monthly payments to his father. In March 1984 Dennis moved back into the house and made the payments until 3 March 1988 when his father paid the balance due on the note of $4,123.96 from his own funds.

At the trial of this matter, the sole issue before the jury was whether the real property was held under a purchase money resulting trust by defendant William Gragg as trustee for his son and daughter-in-law. The jury answered the question affirmatively in favor of the plaintiff, and the trial court entered judgment imposing a purchase money resulting trust against the real property and ordering William Gragg to convey legal title to plaintiff Linda Gragg and defendant Dennis Gragg. From this judgment, defendants appeal.

[1]  By this appeal, defendants present three questions for this Court's review. Defendants first argue that the trial court erred by denying their motions for a directed verdict and for a judgment notwithstanding the verdict because the consideration in the form of a promise given at the time title passed was insufficient to support the creation of a purchase money resulting trust as a matter of law. We disagree.

Both a motion for a directed verdict and for a judgment notwithstanding the verdict present the question of whether the evidence considered in the light most favorable to the nonmovant is legally sufficient to be submitted to the jury and to support a verdict for the nonmovant. *Everhart v. LeBrun*, 52 N.C. App. 139, 277 S.E. 2d 816 (1981). The question is the same for both the trial and appellate courts. *Alston v. Herrick*, 76 N.C. App. 246, 332 S.E. 2d 720 (1985).

The theory upon which plaintiff brought this action was that of a purchase money resulting trust. A purchase money resulting trust is created when

> a person becomes invested with the title to real property under circumstances which in equity obligate him to hold the title and to exercise his ownership for the benefit of another. Under such circumstances equity creates a trust in favor of such other person commensurate with his interest in the subject matter. A trust of this sort does not arise from or depend on any agreement between the parties. It results from the fact that one man's money has been invested in land and the conveyance taken in the name of another.

*Teachey v. Gurley*, 214 N.C. 288, 292, 199 S.E. 83, 86-87 (1938).

In *Cline v. Cline*, 297 N.C. 336, 255 S.E. 2d 399 (1979), our Supreme Court first considered the question of whether a promise to pay money to a third party for the purchase of land made before title passes to the grantee, and subsequent payment pursuant to that promise made to the grantee after delivery of the deed, is sufficient consideration to vest the procurer of the transaction with equitable title to the property. This is the identical question which the case *sub judice* poses. The Court answered, *citing* Bogert, Trusts and Trustees sec. 456 (2d ed. 1977), that "[t]here is no difference in principle between paying money toward the purchase price at the time of the delivery of a deed and contracting at that time to pay the same sum later and then paying it as promised." *Cline* at 346, 255 S.E. 2d at 406.

In *Ray v. Norris*, 78 N.C. App. 379, 337 S.E. 2d 137 (1985), this Court held, citing *Cline, supra* that

> "[t]he person claiming the benefit of a resulting trust need not be obligated directly to the grantee's lender; it is sufficient if he is obligated to the *grantee*, pursuant to a promise made before title passes, to make payments to the grantee which will enable the grantee to pay the remainder of the purchase price. In such a case, the grantee is considered to have made a loan of credit to the one who promises to, and actually does, provide the funds to pay the remainder of the purchase price." *Norris* at 383, 337 S.E. 2d at 140-41 (citations omitted).

Evaluating plaintiff's evidence in light of these established principles, we conclude that plaintiff's evidence was sufficient to

GRAGG v. GRAGG

[94 N.C. App. 134 (1989)]

be submitted to the jury on the question of whether she could show the existence of a purchase money resulting trust. Plaintiff testified that she and Dennis "went and talked to his daddy after [they] had looked at the house twice and his daddy offered to loan [them] the money for a down payment, if [they] kept the monthly payments up." She stated further that the agreement between the parties was such that William Gragg "would put the down payment on it in his name and he would hold the deed and then after Dennis got situated into a job he would switch it over to both [their] names."

On cross-examination, William Gragg testified to the following:

Q. But you do not deny there was an agreement originally between the three of you that you would hold title because they couldn't get financing; wasn't that the agreement?

A. That is right . . .

. . .

Q. Yet your son and Linda made each and every one of those payments to you through that whole ten years or eleven years?

A. I got it from Dennis. I don't know where he got it.

The aforementioned evidence considered in the light most favorable to the plaintiff, *Everhart, supra*, establishes that party C (William Gragg) purchased property in his name pursuant to a promise by party A (Linda Gragg) and party B (Dennis Gragg) to repay the down payment and to provide him with the monthly payments to be made to the bank on the loan.

We are convinced that such evidence was sufficient to withstand defendants' motion for a directed verdict, and was properly submitted to the jury for its consideration. Therefore, defendants' first assignment of error is overruled.

[2] By their next question defendants contend that the trial court erred by instructing the jury that a promise alone is sufficient consideration for a purchase money resulting trust. Because we have determined that a promise alone made prior to the transfer of the deed to the grantee is sufficient consideration, *Cline, supra; Norris, supra*, we must disagree with this argument. Also, after having considered the instructions given in their entirety, we find no error. *See Cline* at 347, 255 S.E. 2d at 406.

[3]   Lastly, defendants contend that the trial court erred by admitting evidence of consideration furnished by the plaintiff and Dennis Gragg after the deed was transferred to the grantee. It has been established that evidence "of the grantee and the parties' conduct both before and after title passes [is] admissible to show the intent of the payor at the time the deed was made." *Mims v. Mims*, 305 N.C. 41, 58, 286 S.E. 2d 779, 790 (1982). Defendants argue that the evidence of consideration paid after the deed was transferred is irrelevant and prejudicial to his case. While it is true that consideration furnished only after title has passed is not singularly sufficient to provide the consideration necessary to create a resulting trust, *Cline, supra*, the evidence of which defendants complain was introduced to illustrate the parties' intent and to show that the promise which constituted the consideration was performed. Therefore, we overrule defendants' final question for review.

For all the aforementioned reasons, in the trial of this matter we find

No error.

Judges ARNOLD and PHILLIPS concur.