**AFFIRMED and Opinion Filed November 23, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00977-CV

## QIONG-YING DUANG CHANG, INCAPACITATED, Appellant
## V.
## QINGHA JULIA LIU, AS ADMINISTRATOR OF THE ESTATE OF HSIANGPIN MICHAEL CHANG, Appellee

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-17914**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Molberg

In this property dispute, appellant Qiong-Ying Duang Chang appeals a final

judgment in favor of appellee Qingha Julia Liu,[1] as administrator of the estate of

Hsiangpin Michael Chang (H.M.C.), Chang's son, who is now deceased. Chang

argues the trial court erred by (1) awarding attorneys' fees to Liu; (2) granting

summary judgment on Liu's declaratory judgment claim and declaring the existence

of a purchase money resulting trust in the disputed property; and (3) striking certain

---

[1] We refer to Liu in her capacity as administrator of H.M.C.'s estate unless otherwise noted.

evidence submitted with Chang's motion to reconsider summary judgment. We affirm the judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. PROCEDURAL BACKGROUND

The facts are well known to the parties, and we do not detail them except as necessary to explain the basic reasons for our decision. *Id*.

In November 2019, Liu, as administrator of H.M.C.'s estate, sued Peter J. Bennett[2] in his then-capacity as the temporary guardian of Chang's person and estate, asserting claims for declaratory judgment, suit to quiet title, and trespass to try title in connection with a residential property purchased by H.M.C. in Chang's name using funds from H.M.C. Attached to Liu's original petition were two exhibits: (1) a general warranty deed for the property signed on January 17, 2017, and recorded two days later, which identified Chang as grantor and Liu as grantee, and (2) an original petition and application for temporary injunction that Bennett, as Chang's then-guardian, filed against Liu in her personal capacity in Harris County in September 2019, approximately two months earlier.

The Harris County petition alleged, in part, that Chang is incapacitated and has suffered from late-stage Alzheimer's disease and progressive memory loss since at least 2010. In the Harris County lawsuit, Bennett asserted claims against Liu for breach of fiduciary duty, civil theft, conversion, and unjust enrichment, and sought

---

[2] We refer to Bennett in his capacity as Temporary Guardian of Chang unless otherwise noted.

a temporary injunction, appointment of a receiver, and other relief.[3] While the Harris County lawsuit appears to involve multiple types of assets, including financial accounts, real property, and company interests, the lawsuit in this case involves only a single Dallas County property.

In the original petition in this case, Liu, as administrator of H.M.C.'s estate, alleged, in part:

> Since the Dallas County Property was purchased in January 2012, and [Chang] has been allegedly incapacitated since at least 2010, [Chang] was unable to transfer the Dallas County Property as mentioned above.[4] But regardless of [Chang's] capacity, since the Dallas County Property was not a gift, the Dallas County Property was not hers to transfer since [H.M.C.] (and now his estate) has held a purchase money resulting trust in the Dallas County Property since its purchase . . . .

---

[3] The Harris County lawsuit is styled *Peter J. Bennett, Temporary Guardian of the Person and Estate of Qiong-Ying Duang Chang, an Incapacitated Person v. Qinghua "Julia" Liu*, Cause No. 468,149-401 in Probate Court No. 1, Harris County, Texas. As indicated by the case style, the Harris County lawsuit was brought against Liu in her personal capacity, not in her capacity as administrator for H.M.C.'s estate. The original petition in the Harris County lawsuit stated, "The subject matter in controversy is proper under section 32.001(a) of the Texas Estates Code because the probate court exercised original probate jurisdiction and had jurisdiction over matters related to the original proceeding brought by the personal representative of the estate." It is not clear what is meant by the "original proceeding" phrase or whose "estate" is being referred to in that quoted statement. It is also not clear whether the Harris County lawsuit remains pending or has concluded. What is clear, however, are the parties' views regarding the basis for venue in the two cases. In the Harris County lawsuit, Bennett, as Chang's then-guardian, alleged "[v]enue is proper because all or a substantial part of the events or omissions giving rise to [the] lawsuit occurred in [Harris] County. In this lawsuit, Liu, as administrator of H.M.C.'s estate, alleged "[v]enue is mandatory in Dallas County, Texas under Texas Civil Practice and Remedies Code § 15.011 because the real property at issue is located in Dallas County, Texas."

[4] This appears to refer to two transfers Liu alleges occurred with regard to the property at issue here: a transfer noted in a November 17, 2016 "Property Ownership Transfer Agreement" executed by H.M.C. and Chang in which Chang "agree[d] to transfer [the] property . . . to [H.M.C./Liu] without requirement of payment in any form" and a transfer through a January 17, 2017 General Warranty Deed identifying Chang as grantor and Liu as grantee.

Thus, the heart of the parties' present dispute is whether H.M.C. (and now his estate) had a purchase money resulting trust in the property at the time he purchased it in Chang's name.

A few weeks after Bennett answered the original petition in this case, Liu filed a traditional motion for summary judgment on "all of Plaintiff's claims." In that motion, Liu argued H.M.C.'s estate had superior title to Chang in the property because H.M.C. did not have a donative intent to gift the property to Chang and had a purchase money resulting trust when he purchased it. Liu asked the court to grant summary judgment on the declaratory judgment and trespass to try title claims; declare that H.M.C.'s estate has a purchase money resulting trust on the property; find that H.M.C.'s estate has superior title to Bennett in his capacity as temporary guardian of Chang's person and estate; and award costs of suit, including reasonable costs and attorneys' fees. Attached to the summary judgment motion were two affidavits and documents referred to in the affidavits.

Bennett responded in opposition to the summary judgment motion and did not object to Liu's evidence. Bennett attached various exhibits to the summary judgment response without any accompanying affidavit or declaration. Liu filed a reply, objecting to and moving to strike all of Chang's summary judgment evidence.

The trial court heard and granted Liu's traditional summary judgment motion on the declaratory judgment claim on February 20, 2020. The summary judgment order declared, in part, that "Bennett, in his capacity as Temporary Guardian of the

Person and Estate of [Chang] has no interest, title, or right to" the property, that "Plaintiff's rights to the [property] are superior to Defendant's rights, if any[,]" and that "Plaintiff has a purchase money resulting trust in the [property]."

In May 2020, Bennett filed a verified amended answer stating he did not have the legal capacity to be sued because he was no longer Chang's temporary guardian and no other person had been appointed.

In response, Liu filed a second amended petition naming Chang as the defendant, obtained citation, and effected service upon Chang. Shortly thereafter, Chang answered, stating she is incapacitated and was filing the answer by and through her next friend, Li Chang, her daughter. The answer was signed by counsel, generally denied Liu's claims, and asserted various affirmative defenses.

A little over a month later, Chang filed a motion to reconsider the court's earlier summary judgment ruling on the declaratory judgment claim.

Five days later, Chang filed an appendix to accompany the motion to reconsider. While the appendix contained some items that had been included with the prior summary judgment response Bennett filed on her behalf, the appendix also contained or referred to new evidence that had not been included in the prior summary judgment response, including two new affidavits and various documents purporting to be the following: documents from Chang's guardianship proceedings; documents from divorce proceedings between H.M.C. and an ex-wife, Vicky Chang;

documents from the Internal Revenue Service and a bank; interrogatory answers;[5] and various emails.

Liu responded in opposition to the motion to reconsider and objected to all of Chang's evidence on the grounds it was untimely and Chang had not obtained leave of court to file it. Alternatively, Liu also objected to most of Chang's evidence on substantive grounds, including that it constituted hearsay, and had not been properly authenticated.

In the meantime, Liu also moved for entry of final judgment against Chang, which Chang opposed. Liu attached to that motion an affidavit and various records regarding Liu's request for attorneys' fees of $65,272.00 and costs of $715.17 under civil practice and remedies code chapter 37. Chang responded in opposition to that motion but did not object to Liu's evidence, attach any evidence of her own, or make any arguments regarding Liu's inability to recover fees or costs.

Ultimately, the trial court sustained Liu's objections to Chang's new evidence, denied Chang's motion to reconsider the summary judgment ruling, granted Liu's motion for entry of final judgment against Chang, and entered a final judgment in Liu's favor. The final judgment stated, in part:

> FINAL JUDGMENT shall be entered in favor of [Liu, as administrator of H.M.C.'s estate], in the amount of $65,987.17 in attorneys' fees and costs incurred in bringing this action. It is further,
>
> ORDERED, ADJUDGED, AND DECREED that:

---

[5] The appendix referred to interrogatory answers in its summary of contents but did not contain them.

a. That [Chang] has no interest, title or right to the Dallas County Property.

b. That [Chang's] rights, if any exist, to the Dallas County Property are inferior to [Liu's] rights, in her capacity as administrator of [H.M.C.'s] Estate.

c. That [Liu's] rights to the Dallas County Property are superior to [Chang's] rights, if any.

d. That [Liu, as administrator of H.M.C.'s estate,] has a purchase money resulting trust in the Dallas County Property.

. . . .

This is a final, appealable order that disposes of all claims and causes of action between [Liu, as administrator of H.M.C.'s estate] and [Chang] in this matter.

Chang filed a motion for new trial, which was overruled by operation of law, and timely appealed.

## II. ISSUES AND ANALYSIS

In three issues, Chang argues, in essence,[6] the trial court erred by (1) awarding attorneys' fees to Liu; (2) granting summary judgment on Liu's declaratory judgment claim and declaring the existence of a purchase money resulting trust in

---

[6] In her appellate brief, Chang states the issues as follows:

1. Are attorney fees recoverable by a party seeking a declaratory judgment as to the existence of a purchase money resulting trust or for parties seeking relief for trespass to try title?

2. Given the evidence of [Chang's] inability to take care of herself and [H.M.C.'s] acknowledgment of debts owed to her, his failure, over the course of five years, to change the ownership of the property, did the Trial Court err in granting summary judgment as to the existence of a purchase money resulting trust?

3. Did the trial court err in striking probative evidence filed in response to the motion for judgment?

–7–

the disputed property; and (3) striking certain evidence submitted with Chang's motion to reconsider summary judgment on Liu's declaratory judgment claim.[7] We consider these issues in reverse order.

## A.     Striking of Chang's New Evidence

We first consider whether the trial court abused its discretion in striking the evidence Chang presented with her motion to reconsider summary judgment on Liu's declaratory judgment claim.

The decision whether to admit or exclude evidence is committed to the sound discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). "A trial court's evidentiary ruling must be upheld if there is a legitimate basis for it." *May v. Buck*, 375 S.W.3d 568, 573–74 (Tex. App.—Dallas 2012, no pet.) (citing *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)). Even if the exclusion or admission of evidence is found to be an abuse of discretion, it does not warrant reversal unless the error probably caused the rendition of an improper judgment. *See id*.

On appeal, Chang equates her motion to reconsider to a motion for new trial and, while citing standards that apply in that context[8] but without citing to the record

---

[7] Although Chang refers in her third issue to the "striking [of] probative evidence filed in response to the motion for judgment," we construe this issue as referring to the striking of the evidence filed in connection with her motion to reconsider summary judgment because (1) the court's order striking Chang's evidence refers to the evidence Chang submitted in connection with her motion to reconsider, and (2) Chang presented no evidence with her response in opposition to Liu's motion for judgment.

[8] *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (a trial court's denial of a motion for new trial is reviewed for abuse of discretion; party seeking a new trial on grounds of newly discovered

or applying any authority to support her argument, she argues that excluding her evidence results in a "shockingly unfair result – a manifest injustice – given the facts submitted" to the trial court when, because of her incapacity, "all evidence is unavailable to [her], and relatively unavailable to her representatives because of her inability to help them." Although Liu disagrees with Chang's conclusion, like Chang, Liu also cites the standards that apply in the context of motion for new trial.

Even if we assume Chang's briefing on this issue is sufficient[9] and assume the parties have cited the correct standard,[10] we cannot conclude from the record before us that the trial court abused its discretion in striking the evidence. In the hearing on Chang's motion to reconsider and on Liu's motion to strike Chang's evidence, the following exchange occurred:

> [THE COURT]: Before you proceed . . . will you expound on your contention that Mr. Bennett did not have access to these documents.
>
> [CHANG's COUNSEL]: Well, okay. Mr. Bennett was temporary guardian. He had complete authority over the case. His client is somebody who has dementia and is clearly incapacitated, so her ability to aid him [sic].

---

evidence must demonstrate: (1) the evidence has come to his or her knowledge since the trial, (2) the failure to discover the evidence sooner was not due to a lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted).

[9] *See* TEX. R. APP. P. 38.1 ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019) (per curiam) (appellate courts are required to reasonably but liberally construe the briefing rules to avoid waiver of appellate review).

[10] On Chang's third issue, both parties refer to the standards for submission of new evidence in connection with motions for new trial. Because no dispute exists in this regard, we assume but do not decide this standard applies here. *See* TEX. R. APP. P. 47.4 ("If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it.").

He had access to some documents which were, apparently, some of the ones that he produced in response to the motion for summary judgment, but he did not consult with us.

We had been involved in the guardianship proceeding in Houston, and we were not fully aware of what was going on in this particular case and the case in Galveston.

THE COURT: But the documents did exist at the time.

[CHANG's COUNSEL]: Yes. Yeah. Most of the documents did exist at the time, yes, as I look at the list of them.

We overrule Chang's third issue.

## B.    Summary Judgment Declaring Purchase Money Resulting Trust

In her second issue, Chang argues the trial court erred in granting summary judgment and declaring the existence of a purchase money resulting trust by Liu because the evidence was not clear and convincing enough to conclusively overcome the presumption of a gift to her, as H.M.C.'s mother.

### 1.    *Standard of Review*

We review a declaratory judgment rendered by summary judgment under the same standards that govern summary judgments generally. *Aery v. Hoskins, Inc.*, 493 S.W.3d 684, 690–91 (Tex. App.—San Antonio 2016, pet. denied) (citations omitted). As our sister court noted, "[d]eclaratory judgment is not an appropriate remedy to resolve a purely factual dispute[,]" and "a plaintiff who moves for summary judgment on a claim for declaratory relief must conclusively prove no genuine issue of material fact exists, and it is entitled to the requested declaratory relief as a matter of law." *Id*. at 691.

"We review summary judgments de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022). When a plaintiff moves for traditional summary judgment, it has the burden to conclusively establish all elements of its claim. *Affordable Motor Co. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied). A matter is conclusively established if the evidence leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019). If the movant satisfies its burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). But the burden does not shift if the movant does not establish his burden as a matter of law. *See Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 287 (Tex. App.—Dallas 2013, pet. denied).

"A trial court may change or modify a partial summary judgment at any time before its plenary power expires because it is an interlocutory order." *Heatley v. Red Oak 86, L.P.*, 629 S.W.3d 377, 394–95 (Tex. App.—Dallas 2020, no pet.) (quoting *Fabio v. Ertel*, 226 S.W.3d 557, 560, 563 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 504 (Tex. App.—Dallas 2014, no pet.) ("[A] trial court has the inherent right to change or modify any interlocutory order or judgment until the judgment on the merits of the case becomes

final.") (citations omitted). But, once a trial court rules on a partial motion for summary judgment, no obligation exists for the trial court to consider further motions on that issue from either party. *See Methodist Hosps. of Dall. v. Corporate Communicators, Inc.*, 806 S.W.2d 879, 883 (Tex. App.—Dallas 1991, pet. denied) ("Once the trial court granted . . . summary judgment as to liability, no obligation existed for it to consider further motions on that issue from either party.").

When a motion for reconsideration or new trial is filed after a summary judgment motion is heard and ruled upon, the trial court may ordinarily consider only the record as it existed before hearing the motion for the first time. *See Circle X Land & Cattle Co. v. Mumford Ind. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.— Houston [14th Dist.] 2010, pet. denied).[11] But a trial court may accept summary judgment evidence filed late, even after summary judgment, as long as the court affirmatively indicates in the record that it accepted or considered it. *Stephens v. Dolcefino*, 126 S.W.3d 120, 133 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (citations omitted). Where the trial court affirmatively indicates on the record that it accepted or considered the evidence attached to a motion to reconsider, this court reviews "the summary judgment based upon the grounds and proof in both

---

[11] However, in another context involving reconsideration of a denial of a motion for summary judgment, we concluded a trial court properly considered, as summary judgment evidence, information filed more than seven days before a hearing on a motion to reconsider the trial court's denial of summary judgment, even though such information was not on file at the time of the original summary judgment hearing. *Lection v. Dyll*, 65 S.W.3d 696, 703 (Tex. App.—Dallas 2001, pet. denied).

prejudgment and post-judgment filings." *PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 730 (Tex. App.—San Antonio 2014, pet. denied).

Here, the record contains no affirmative indication that the trial court accepted or considered the evidence Chang submitted with her motion to reconsider, and, in fact, the record affirmatively indicates the trial court did not do so.[12] As a result, we limit our review to the evidence presented in the initial summary judgment proceedings. *See PNP Petroleum I, LP*, 438 S.W.3d at 730; *Circle X Land & Cattle Co.*, 325 S.W.3d at 863.

### 2.    *Summary Judgment Evidence*

Both parties submitted evidence to accompany their filings in the initial summary judgment proceedings. Liu attached to her summary judgment motion her own affidavit, an outgoing wire transfer request for payment of the purchase price of the property, electric bills for the property, a Mattress Firm invoice, an affidavit from Dong Wu, a real estate agent, and email correspondence between Mr. Wu and H.M.C.

Bennett attached various documents to the summary judgment response, including documents purporting to be the following:  three letters appearing to be from Chang and another person to H.M.C. in January 2014; a residential condominium contract for the property signed by Chang on December 16, 2011; a

---

[12] The order striking Chang's evidence states, in part, "The Court ORDERS that all of the evidence submitted with [Chang's] Motion to Reconsider the Partial Summary Judgment shall be stricken and not considered as part of the summary judgment record."

December 22, 2011 special warranty deed for the property identifying Federal Home Loan Mortgage Corporation as the grantor and Chang as the grantee; an unrecorded November 17, 2016 "property ownership transfer agreement" purportedly signed by Chang and H.M.C. and referring, in part, to the property; and the same January 17, 2017 general warranty deed Liu and Chang both attached to their original petitions in this and the Harris County case. Chang did not submit any affidavit or declaration authenticating any of these documents.

Liu filed a reply and objected to and moved to strike all of Chang's evidence on the grounds that it constituted hearsay and constituted improper summary judgment evidence. Also, with the exception of the "property ownership transfer agreement," Liu objected to all of these documents on the ground that they were not authenticated. The record contains no transcript of the summary judgment hearing and no ruling regarding Liu's objections.

Objections that a document contains hearsay are defects in form. *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.). Defects in form cannot be raised on appeal unless the party obtains a written ruling on these objections. *Id*. An objection to the attempted authentication of a document is usually considered a defect in form; however, we have held that "[a] complete absence of authentication is a defect of substance that is not waived by a party failing to object and may be urged for the first time on appeal." *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.). A party submitting

–14–

documents as summary judgment proof bears the burden of authenticating them. *Id.* ("We conclude [appellants] had the burden of authenticating the documents they submitted as summary judgment proof.").

Here, Bennett—as Chang's temporary guardian at the time—had the burden of authenticating the documents he submitted as summary judgment proof on her behalf but made no attempt to do so. While we will not consider Liu's hearsay objections because she failed to obtain a written ruling, Bennett's complete lack of any attempt to authenticate the documents attached to the summary judgment response is a defect in substance we may consider. *See id.* Thus, in reviewing the trial court's summary judgment ruling, we do not consider the documents attached to the response Bennett filed on behalf of Chang because he made no attempt to authenticate them.

### 3.    *Purchase Money Resulting Trusts*

In *Somer v. Bogart*, 749 S.W.2d 202, 204 (Tex. App.—Dallas 1988, no writ), we stated, in part, "A purchase money resulting trust may be established where one takes a deed to property in his own name, but the purchase money is provided by another." We noted that, "[a]lthough a resulting trust may be clearly shown by proof that the purchase price was paid by another, there is an exception to this rule when parents pay the purchase price for property and place title in the name of their child. In this situation a presumption of gift arises, and no resulting trust exists until the presumption is rebutted." *Id.* (citations omitted).

In *Somer,* we considered whether the presumption of gift arises in circumstances where title is taken in the name of a son-in-law. *Id.* At the time, the question appeared to be one of first impression in this state, and in deciding it in the affirmative, we adopted the rule found in the Restatement of the Law of Trusts (Second) § 442, which states:

> Where a transfer of property is made by one person and the purchase price is paid by another and the transferee is a wife, child *or other natural object of bounty of the person by whom the purchase price is paid,* a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.

*Id.* (emphasis supplied). We stated, "In a transfer of the above type, we perceive no reason why under normal circumstances a son-in-law should not be treated as the natural object of his father-in-law's bounty so as to take by gift." *Id.* (citing RESTATEMENT OF THE LAW OF TRUSTS (SECOND) § 442, Comment b). Thus, we held in *Somer* "that a transfer of property between a father-in-law as payor and a son-in-law as grantee is one in which a presumption of gift arises." *Id.*

Here, it is undisputed that H.M.C., Chang's son, paid the purchase price for the property and placed title in Chang's name.[13] Because of H.M.C. and Chang's relationship as son and mother, Chang argues that the presumption of gift arises in this case.

---

[13] In its statement of facts, Chang's appellate brief states, H.M.C. "paid for the purchase of [the property] and put title of the property in [Chang's] name[.]"

We disagree, however. In *Oudra v. Stegall*, 871 S.W.2d 882 (Tex. App.—Houston [14th Dist.] 1994, no writ), our sister court stated:

> A party claiming a gift has the burden to prove it. *Pankhurst v. Weitinger & Tucker*, 850 S.W.2d 726, 730 (Tex. App.—Corpus Christi[–Edinburg] 1993, writ denied); *Powell v. Powell*, 822 S.W.2d 181, 183 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Since [appellant] was the party claiming that the funds in the accounts were "gifts" . . . to her, she had to prove this claim by clear and convincing evidence. In her brief she argues that there was a legal presumption of gift and that appellees had the burden to rebut that presumption by clear and convincing evidence. We disagree. A presumption of gift arises if a parent delivers possession, conveys title, or purchases property in the name of a child. *Woodworth*, 660 S.W.2d at 564 (citing *Burk v. Turner*, 79 Tex. 276, 15 S.W. 256, 257 (1891)). *We have found no cases where the presumption arises when a child does the same for a parent.*

*Id*. at 891 (emphasis added).

None of the parties' cited cases involve the circumstances presented here. We have found no binding cases finding the presumption of a gift arises when a child delivers possession, conveys title, or purchases property in the name of a parent. In fact, "[t]he predominant view . . . does not support the inference of gift . . .where the transferee is a parent of the payor. RESTATEMENT (THIRD) OF TRUSTS § 9 (2003) (comments *b* and *c*) (citing *Dallas v. Dallas*, 670 S.W.2d 535 (Mo. App. 1984); *Gragg v. Gragg*, 94 N.C.App. 134, 379 S.E.2d 684 (1989); and *Unterkircher v. Unterkircher*, 183 Or. 583, 195 P.2d 178 (1948)); *see* Ronald Chester, George Gleason Bogert, George Taylor Bogert, Amy Morris Hess, BOGERT'S THE LAW OF TRUSTS AND TRUSTEES § 460 n.26 (June 2022) ("Where a *child* pays for property and vests title in a parent, the courts have presumed a trust for the child and not a

gift to the parent.") (listing cases); *Haynes v. Molina*, No. 01-19-00917-CV, 2021 WL 4155822, at *7 (Tex. App.—Houston Sept. 14, 2021, pet. denied) (mem. op.) (stating, with respect to a son who claimed a purchase money resulting trust in a disputed property, "By providing the down payment, a purchase money resulting trust was created at the time that his parents took legal title to the house.").[14]

Thus, in accordance with the above authorities, and based on the undisputed fact that H.M.C., Chang's son, paid the purchase price for the property and placed title in Chang's name, the purchase created a presumption of a resulting trust for H.M.C., not a presumption of a gift to Chang. As the party claiming the property was a gift, Chang had the burden at trial to prove by clear and convincing evidence at trial the property was a gift. *See Oadra*, 871 S.W.2d at 891.

But while Chang had this burden at trial, we do not apply a heightened standard in our review of a summary judgment. *See Hardy v. Bennefield*, 368 S.W.3d 643, 648 (Tex. App.—Tyler 2012, no pet.) (citing *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 421–23 (Tex. 2000) (stating, "When viewed narrowly,

---

[14] *But see In re Lee*, No. 18-42066, 2021 WL 5893991, at *9 (E.D. Tex. Dec. 13, 2021) ("find[ing] that the preponderance of the credible evidence establishes that the down payment for the [disputed property] was a gift to the [d]ebtor's parents, who had been living with them for several years while helping to care for their children and manage their household [and who] had closed their business at the [d]ebtor's request and were financially dependent on the [d]ebtor and his spouse."); *Amador v. Berrospe*, 961 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. denied) (stating, "Although a resulting trust may be shown by proof that another paid the purchase price, there is an exception to this rule when parents pay the purchase price for the property and place title in the name of their child, and vice-versa.") (citations omitted). Given the "predominant view" discussed in the Restatement (Third) of Trusts as cited above, as well as the *Oadra* and *Haynes* decisions discussed above, to the extent that *Lee* and *Amador* contradict our conclusion on Chang's second issue, we decline to follow them.

the express holding in *Huckabee* applies only to defamation cases [but] "the Texas Supreme Court impliedly signaled that when a heightened standard of proof is required at trial, we nevertheless ordinarily apply the traditional standard when reviewing an order granting summary judgment.").

### 4. Conclusion on H.M.C.'s Purchase Money Resulting Trust

Thus, to resolve Chang's second issue, we must consider whether Liu conclusively established all elements[15] of her declaratory judgment claim, *see Affordable Motor Co.*, 351 S.W.3d at 519, and if so, whether Chang raised a genuine issue of material fact precluding summary judgment. *See Lujan*, 555 S.W.3d at 84. A matter is conclusively established if the evidence leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Machs. Corp.*, 573 S.W.3d at 235.

Here, Liu sought, and the trial court granted, a declaration stating, among other things, that H.M.C.'s estate has a purchase money resulting trust in the property. With her motion, Liu presented an affidavit stating, in part, that H.M.C. "purchased the [property and] paid for the [property] with his funds via a wire transfer out of his Wells Fargo bank account" and referring to a Wells Fargo

---

[15] *See Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 685 (Tex. 2020) ("[A] declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought.") (quoting *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004) ("A declaratory judgment requires a justiciable controversy as to the rights and status of parties actually before the court for adjudication, and the declaration sought must actually resolve the controversy.").

outgoing wire transfer request dated January 6, 2012, in the amount of $139,955.81 from H.M.C.'s account to Republic Title of Texas, Inc.

Although Chang does not dispute on appeal that H.M.C. "paid for the purchase of [the property] and put title of the property in [Chang's] name[,]" in the trial court, Chang argued a genuine issue of material fact existed on Liu's claim that H.M.C. had a purchase money resulting trust because the funds used to purchase the property came from his funds. Her response stated, in part:

> 22. [Liu] also claims that [H.M.C.]'s Estate is entitled to a purchase money resulting trust because she alleges that the funds used to purchase the [property] came from [H.M.C.]'s funds.

> 23. A genuine issue of material fact exists because the [property] was purchased in December of 2011—during the time that [H.M.C.] and Vicky were married. During the pendency of their divorce, Vicky filed a counterclaim against [H.M.C.] claiming that he was defrauding the community estate by purchasing and placing title to real property in [H.M.C.]'s parents['] name[s]. Ultimately, certain real property was required to be conveyed to Vicky from [H.M.C.]'s parents. However, the [property] was never adjudicated as part of the community estate.

No evidence was cited in this portion of the response Bennett filed on behalf of Chang, and none of the five documents attached to the motion were authenticated. Even if they had been authenticated, none of those five documents appear to contain any information supporting Chang's assertions as listed above.

Based on the record before us, we conclude Liu conclusively established the elements of her declaratory judgment claim and that H.M.C. paid the purchase price for the property and placed title in Chang's name. Although the parties disagree about the legal presumptions that arise under the circumstances, we conclude these

facts created a presumption of a resulting trust for H.M.C. *See* RESTATEMENT (THIRD) OF TRUSTS § 9 (2003) (comments *b* and *c*); Chester, et al., BOGERT'S THE LAW OF TRUSTS AND TRUSTEES § 460 n.26; *Haynes*, 2021 WL 4155822, at *7; *Oudra*, 871 S.W.2d at 891. We also conclude Chang failed to raise a genuine issue of material fact that the purchase was a gift instead.

We overrule Chang's second issue.

### C.    Attorneys' Fees to Liu

In her first issue, Chang argues the trial court erred in awarding attorneys' fees to Liu because there is no basis for them as a matter of law, when the purchase money resulting trust was duplicative of a trespass to try title claim. Liu argues that Chang failed to preserve error on this issue. We agree with Liu.

In *Krabbe v. Anadarko Petroleum Corporation*, 46 S.W.3d 308, 320–21 (Tex. App.—Amarillo 2001, pet. denied), our sister court held the appellants did not preserve error on this issue because they did not urge at the trial court level that appellee should not recover attorneys' fees because the suit was in essence a suit for title rather than a declaratory judgment action. Several other sister courts have done the same, all citing *Krabbe*. *See Crimson Expl., Inc. v. Magnum Producing L.P.*, 13-15-00013-CV, 2017 WL 6616740, at *6 (Tex. App.—Corpus Christi–Edinburg Dec. 28, 2017, pet. denied) (mem. op.); *Cabot Oil & Gas Corp. v. Healey, L.P.,* 12-11-00236-CV, 2013 WL 1282007, at *4 (Tex. App.—Tyler Mar. 28, 2013, pet. denied) (mem. op.); *Buckingham v. McAfee*, 393 S.W.3d 372, 375–76 (Tex. App.—Amarillo

–21–

2012, pet. denied); *Vernon v. Perrien,* 390 S.W.3d 47, 62 (Tex. App.—El Paso 2012, pet. denied).

We reach the same conclusion here because Chang failed to argue below that Liu should not recover attorneys' fees because the suit was in essence a suit for title rather than a declaratory judgment action.  We overrule Chang's first issue.

### III.  CONCLUSION

We affirm the trial court's judgment.


/Ken Molberg/
KEN MOLBERG
JUSTICE


200977F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

QIONG-YING DUANG CHANG, INCAPACITATED, Appellant

No. 05-20-00977-CV        V.

QINGHA JULIA LIU, AS ADMINISTRATOR OF THE ESTATE OF HSIANGPIN MICHAEL CHANG, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-17914. Opinion delivered by Justice Molberg. Justices Schenck and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee QINGHA JULIA LIU, AS ADMINISTRATOR OF THE ESTATE OF HSIANGPIN MICHAEL CHANG recover her costs of this appeal from appellant QIONG-YING DUANG CHANG, INCAPACITATED.

Judgment entered November 23, 2022.